### LAMBERT v. JOHNSON.
### No. 25579.

Circuit Court, Duval County.

February 19, 1958.

Carlton L. Welch, Jacksonville, for plaintiff.

William M. Howell and Phillip A. Webb of Howell & Kirby, all of Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause coming on to be heard on defendant's motion for summary judgment, and the court having heard argument of counsel and considered their respective memoranda in support of their positions, the court now finds from the pleadings and affidavits on file that the following material facts are undisputed—

That at the time of the accident which took the life of plaintiff's husband on January 2, 1957, defendant Dan S. Johnson, t/d/b/a Johnson's Used Cars, had no right, title or interest, either legal or equitable, in the motor vehicle causing such injury and death.

That the operator of such motor vehicle was not the agent, servant or employee of the defendant.

That the motor vehicle had been unconditionally sold by the defendant on or about August 18, 1956 to one James G. Goynes, who was the owner and operator at the time of the fatal accident.

That a title certificate thereto had been issued to Goynes by the Florida Motor Vehicle Commissioner on September 20, 1956, showing him to be the registered owner thereof, and that the only interest held by any other person or corporation was a first lien dated August 23, 1956, in favor of the Advance Loan & Finance.

That the defendant did not exercise, or have the right to exercise, any dominion or control over the motor vehicle and its owner and operator, and, in fact, had not "seen, used, owned, controlled, or otherwise dealt with" the vehicle since the unconditional sale thereof on August 18, 1956.

That at the time of the fatal accident the vehicle was being operated on the public highways of the city of Jacksonville, displaying a 1956 Florida license plate, number "2M-263," which was a non-transferable "dealer's tag" issued to defendant, and which had not been removed by defendant from the vehicle at the time of the sale through negligence, inadvertence or mistake.

Plaintiff contends that the presence of the dealer's license tag on the vehicle at the time of the accident is sufficient to render him subject to the imposition of legal liability for damages growing out of the operation of the vehicle, and in support of her position relies on the reasoning of the Massachusetts court in McDonald v. Dundon, 136 N.E. 265, rendered in 1922, and on the holding of the Supreme Court of Florida in Wilson v. Burke, 53 So. 2d 319, and other Florida decisions.

Defendant relies on McAfee v. Killingsworth, decided by the Supreme Court of Florida in 1957 and reported in 98 So. 2d 738,

and cases therein cited, including Palmer v. R. S. Evans, Jacksonville, Inc., Fla. 1955, 81 So. 2d 635, and other Florida decisions.

Florida has not followed the Massachusetts court to the point of declaring that the operation of an unlicensed or improperly licensed motor vehicle on the highways of this state constitutes a nuisance per se, so as to subject all whose act or omission may be said to have aided or abetted the creation of such nuisance liable for the direct injury resulting therefrom. Instead, the criterion established by the Supreme Court of Florida is *who exerted such dominion over the motor vehicle as to be responsible for the damage caused by it*. See Wilson v. Burke, 53 So. 2d 319. The mere presence of defendant's license tag on the vehicle operated by Goynes at the time of this accident, without the showing of some dominion or control on the part of defendant, is insufficient to render defendant subject to legal liability and responsibility for the damages suffered by plaintiff.

It is therefore ordered and adjudged that the pleadings and affidavits on file herein show that there is no genuine issue as to any material fact, and that defendant Dan S. Johnson, trading and doing business as Johnson's Used Cars, is entitled to a judgment as a matter of law, and defendant's motion therefor is granted. Costs will be taxed against plaintiff.